UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

GAN H. ENG, TAN F. LAM, KWOK C. TANG, JUN Q CHAN, KAM C. HO, XIAO Z. ZHANG, YAT C. CHAN, MING HO, RONG J. CHEN, JIAN Z. LUO, LE Y. CHEN, JIAN B. YAN, SU C. JIANG, XIU H. JIANG, XIU LIN, TAK S. CHENG, SHU C. HUANG, MEI J. HUANG and OY K. KWAN,

Plaintiffs,

-against-

THE NICE RESTAURANT, INC., BEN H. TOM, MEE MEE TOM a.k.a. MEE MEE M. TOM a.k.a. MEE MEE MEI, YAN SHING CHAN, CHEUNG YONG, SHING SI SUN, SHEN PING CHU, JOHN TAM, SI KIT WU, SI HUNG WU, CHUI BAI TAM, and JIMMY MOY a.k.a. JIMMY MUI a.k.a. JIMMY MEI,

Defendants.

--------------------------------------------------------------X

07 CV 3909 (MGC)

**AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

STATE OF NEW YORK

COUNTY OF NEW YORK

WILLIAM TAM, sued herein as CHUI BAI TAM, being duly sworn, deposes and says:

1. I am a Defendant in this action and I have personal knowledge of the matters stated herein.

2. I make this affidavit in support of my motion for summary judgment.

3. I am a certified public accountant and a partner of Tam & Nester, an accounting firm.

4. I have never been a manager of the Nice Restaurant, Inc. (hereinafter the "Nice Restaurant").

5. I have never been an employee of the Nice Restaurant.

6. I have never hired or fired any employee of the Nice Restaurant.

7. I did not hire any of the Plaintiffs.

8. I did not fire any of the Plaintiffs.

9. I never had the power to hire or fire any employee of the Nice Restaurant.

10. I never established, or had the power to establish, the wages or work schedules of any of the employees of the Nice Restaurant.

11. I did not establish the wages or work schedules of any of the Plaintiffs.

12. In or about 1985, Tam & Nester was retained to provide certain accounting services to the Nice Restaurant. The terms of the engagement are set forth in a letter dated December 28, 1985, a copy of which was marked at my deposition and is annexed hereto as Exhibit 1. The letter describes the scope of the services provided by my firm to the Nice Restaurant, and such services are typical of the services provided by my firm to hundreds of other clients and by public accountants generally.

13. I had absolutely nothing to do with the day-to-day operation of the Nice Restaurant.

14. I have never supervised any employees of the Nice Restaurant nor did I ever supervise any of the Plaintiffs.

15. I have not been a director or officer of the Nice Restaurant since July 1, 1996, when I resigned as director and corporate secretary. Annexed as Exhibit 2 are my letter of resignation and the Board's resolution accepting it.

16. Prior to January 26, 1996, I owned 7 shares of stock of the Nice Restaurant, representing less than ten percent of the shares issued and outstanding. Since January 26, 1996, I have not owned any stock of the Nice Restaurant.

17. Since July 1, 1996, my sole involvement with the operation of the Nice Restaurant was in my capacity as a certified public accountant.

William Tam

Sworn before me this
28th day of March, 2008

NOTARY PUBLIC

HOWARD B. GREENBERG
Notary Public, State of New York
No. 02GR4760552
Qualified in Queens County
Commission Expires 12/31/2010

# EXHIBIT 1

TAM & NESTER
CERTIFIED PUBLIC ACCOUNTANTS
132 NASSAU STREET
NEW YORK, NEW YORK 10038
(212) 227-1160

WILLIAM TAM
THOMAS NESTER

FACSIMILE NO. (212) 608-4452

December 28, 1985

To Mr. Ben H Tom
The Nice Restaurant, Inc
35 East Broadway
New York, NY 10002

Dear Mr. Tom:

This letter is to confirm our understanding of the terms and objectives of our engagement and the nature and limitations of the services we will provide.

We will perform the following services:

1. We will prepare the federal and state and city income taxs for the Nice Restaurant, Inc for the fiscal year ended December 31, 1986 and thereafter.

2. We will also prepare the quarterly payroll tax returns and annual W-2 and thereafter.

3. We will assist your bookkeeper in adjusting the book of accounts so that he will be able to prepare financial statements.

4. We will prepare the sale taxes return based on the informations provided by your bookkeeper.

Our engagement cannot be relied upon to disclose errors, irregularities, or illegal acts, including fraud or defalcations that may exist.

Our fee will be $400.00 per month.
We shall be pleased to discuss this letter with you at any time.
If the foregoing is in accordance with understanding, please sign the copy of this letter in the space provided and return it to us.

Sincerely,

[signature]

Tam and Nester

Acknowledged:
The Nice Restaurant, Inc

President:

OT 0000201

Pltff's # 3

# EXHIBIT 2

July 1, 1996

Mr. Ben H Tom
President
The Nice Restaurant, Inc
35 East Broadway
New York, NY 10002

Dear Mr.Tom:

I hereby tender my resignation as Secretary and as Director of the firm effective immediately as of this date.

Very truly yors

William Tam

Witnessed by

# THE NICE RESTAURANT, INC

**Minutes - Special Meeting of the Board of Directors**

A Special Meeting of the Board of Directors of the The Nice Restaurant, Inc was held at 35 East Broadway, New York, NY 10002 at 12 o'clock in the forenoon on July 1, 1994 pursuant to a waiver of notice signed by all of the directors.

They were present:
Ben H Tom
William Tam
Shing Chan
Sze-Kit Wu

Mr. Ben H Tom acted as chairman of the meeting.

Mr. William Tam presented to the meeting a letter of resignation as Secretary and Director of the Nice Restaurant, Inc effective immediately.

Upon Motion duly made, seconded and carried, it was unanimously:

**RESOLVED, that the resignation of William Tam from the office of Secretary and Director be and the same are hereby accepted to take effect immediately and it was order that a copy of the letter be appended to these Minutes.**

**RESOLVED, that Shing Chan be and hereby is elected as Secretary to fill the vacancy arising from the resignation of William Tam.**

There being no further business to come before the meeting, it was adjourned.

President of the Meeting