# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GAN H. ENG, TAN F. LAM, KWOK C. TANG, JUN Q.
CHAN, KAM C. HO, XIAO Z. ZHANG, YAT C. CHAN,
MING HO, RONG J. CHEN, JIAN Z. LUO, LE Y. CHEN,
JIAN B. YAN, SU C. JIANG, XIU H.JIANG, XIU LIN,
TAK S. CHENG, SHU C. HUANG, MEI J. HUANG AND
and OY K. KWAN,

              Plaintiffs,

-against-

THE NICE RESTAURANT, INC.,
BEN H. TOM, MEE MEE TOM a.k.a. MEE
MEE M. THOM a.k.a. MEE MEE MEI, YAN SHING
CHAN, CHEUNG YONG, SHING SI SUN, SHEN
PING CHU, JOHN TAM, SI KIT WU, SI HUNG WU,
CHUI BAI TAM, and JIMMY MOY a.k.a. JIMMY MUI
a..k.a. JIMMY MEI,

              Defendants.
-----------------------------------------------------------------X

**ECF Case**

**COMPLAINT**

**07 cv 3909(MGC)**

## **PRELIMINARY STATEMENT**

1.      This a proceeding to recover damages for violations of Federal and New York labor laws governing minimum wages, overtime pay and the ownership of gratuities.

2.      The Plaintiffs worked as waiters, bus girls and dim sum sellers at the Nice Restaurant, owned and/or operated by the Defendants in Chinatown in New York City.

3. As described herein, Defendants failed to pay Plaintiffs minimum wages and overtime wages as required under state law.

4. Defendants also illegally retained a portion of gratuities that the Plaintiffs earned during their employment and were entitled to retain.

5. In addition, Defendants illegally imposed an involuntary tip pooling system that allocated tips pursuant to the discretion of the Defendants rather than determination by the recipients of the tips.

6. Finally, Defendants failed to reimburse Plaintiffs for the costs of purchasing and cleaning required uniforms, in violation of state law.

7. Due to Defendants' willful violations of federal and state law, Plaintiffs are entitled to: (1) unpaid minimum wages; (2) unpaid overtime differential; (3) reimbursement for gratuities unlawfully retained or unlawfully distributed by Defendants; (4) reimbursement for the costs of purchasing and/or cleaning required uniforms; (5) liquidated damages; and (6) attorneys' fees and costs as provided by statute.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiffs

11.     Plaintiffs Gan H. Eng, Tan F. Lam, Kwok C. Tang, Jun Q. Chan, Kam C. Ho, Xiao Z. Zhang, Yat C. Chan, Ming Ho, Rong J. Chen, Jian Z. Luo, Le Y. Chen, Jian B. Yan, and Su C. Jiang, were employed by The Nice Restaurant Inc. as a waiters (hereinafter "Waiter Plaintiffs")

12.     Plaintiffs Xiu H.Jiang, Xiu Lin, and Tak S. Cheng were employed by The Nice Restaurant, Inc. as busgirls (hereinafter "Busgirls Plaintiffs).

13.     Plaintiffs Shu C. Huang, Mei J. Huang and Oy K. Kwan were employed by the The Nice Restaurant Inc. as dim sum sellers (hereinafter "Dim Sum Seller Plaintiffs").

14.     Plaintiffs' family names are written as their last name, although in Chinese their family name would be the first name.  Similarly, in identifying defendants below, defendants' family names are written as their last name, although in Chinese their family name would be the first name.

### Defendants

15.     Upon information and belief, The Nice Restaurant, Inc. is a New York corporation with a principal place of business at 35 East Broadway, New York, New York.

16.     Upon information and belief, The Nice Restaurant, Inc..operated a restaurant that does business under the name "Nice Restaurant" at 35 East Broadway, New York, New York.

17.     Defendant Ben H. Tom, on information and belief, was an owner, controlling shareholder, and Chair of the Board of The Nice Restaurant, Inc. from its opening until just before

Thanksgiving 2005. On information and belief, he had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records.

18. Defendant Mee Mee Tom a.k.a. Mee Mee M. Thom a.k.a Mee Mee Mei, on information and belief, is an owner and manager of The Nice Restaurant, Inc from the opening of the restaurant. Since on or about Thanksgiving 2005, she has been the controlling shareholder and General Manager of The Nice Restaurant Inc. On information and belief, during the relevant period of the allegations herein, she had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records.

19. Defendant Yan Shing Chan, on information and belief, was an owner and manager of The Nice Restaurant Inc. from the opening of the restaurant until on or about Thanksgiving 2005. On information and belief, until on or about Thanksgiving 2005, he had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records. On information and belief, at all times relevant to the allegations herein, he received a portion of the tips although he was not a food service worker at the Nice Restaurant.

20. Defendant Cheung Yong, on information and belief, was an owner and manager of The Nice Restaurant, Inc. from the opening of the restaurant until on or about Thanksgiving 2005. On information and belief, until Thanksgiving 2005, he had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records.

21. Defendant Shing Si Sun, on information and belief, was an owner and manager of The Nice Restaurant, Inc. from the opening of the restaurant until on or about Thanksgiving 2005. On information and belief, until on or about Thanksgiving 2005, he had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records. On information and belief, at all times relevant to the allegations herein, he received a portion of the tips although he was not a food service worker at the Nice Restaurant.

22. Defendant Shen Ping Chu, on information and belief, was a manager of The Nice Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he received a portion of the tips although he was not a food service worker at the Nice Restaurant.

23. Defendant John Tam, on information and belief, was a manager of The Nice Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he received a portion of the tips although he was not a food service worker at the Nice Restaurant. On information and belief, since on or about Thanksgiving 2005, he had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records.

24. Defendant Si Kit Wu, on information and belief, is an owner and manager of The Nice Restaurant, Inc. On information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records.

25. Defendant Si Hung Wu, on information and belief, is an owner and manager of The Nice Restaurant, Inc. since on or about Thanksgiving 2005. On information and belief, since on

or about Thanksgiving 2005, he had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records.

26.    Defendant Chui Bai Tam, on information and belief, was an owner and manager of The Nice Restaurant Inc. from the opening of the restaurant until on or about Thanksgiving 2005. On information and belief, until on or about Thanksgiving 2005, he had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records.

27.    Defendant Jimmy Moy a.k.a. Jimmy Mui a..k.a. Jimmy Mei, on information and belief, is an owner and manager of The Nice Restaurant, Inc. since on or about November 2006. On information and belief, since on or about November 2006. he had the power to hire and fire employees at the Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records.

28.    Defendants Ben H. Tom, Mee Mee Tom, Yan Shing Chan, Cheung Yong, Shing Si Sun, John Tam, Si Kit Wu, Si Hung Wu, Chui Bai Tam and Jimmy Moy are Plaintiffs' employers as that term is defined by New York Labor law and the Fair Labor Standards Act. Hereinafter these defendants and defendant Nice Restaurant Inc. are referred to as "Employer Defendants."

## STATEMENT OF FACTS

29.    Plaintiffs have been employed as waiters, busgirls and dim sum sellers by the Employer Defendants at the Nice Restaurant beginning at various times as early as approximately 1985.

30.    In January 2007, Plaintiffs had complained to owners and managers of Nice Restaurant about the unlawful practices alleged herein. After negotiations, the owners had

promised to pay Plaintiffs the money that they were due. Instead of paying and fearing a lawsuit, the owners closed the Nice Restaurant on May 15, 2007, the tentative date of the first promised payment.

31.   On information and belief, the Defendants are aware of federal and state labor law requirements regarding minimum wage, overtime and tip distribution.

32.   At all relevant times, the Fair Labor Standards Act, 29 U.S.C. § 206 has required the Employer Defendants to pay the Plaintiffs a minimum wage of $5.15 per hour.

33.   At all relevant times, the New York Minimum Wage Act, N.Y. Lab. Law § 652, has required the Employer Defendants to pay Plaintiffs minimum wages of between $4.25 and $7.15 per hour.

34.   Defendants have not notified Waiter Plaintiffs and Busgirl Plaintiffs of the existence and requirements of federal law relating to tip credits or tip allowances.

35.   Defendants have not, as required by law, notified the Waiter Plaintiffs and Busgirl Plaintiffs of their intention to pay them less than the full minimum wage on the basis of the applicable statutory and regulatory provisions relating to the tip credit and tip allowance.

36.   Employer Defendants have willfully paid Plaintiffs for their services and labor at hourly rates below the applicable minimum hourly wages in violation the federal Fair Labor Standards Act and the New York Minimum Wage Act.

37.   At all relevant times, federal law, 29 U.S.C. § 207, and state law, 12 N.Y.C.R.R. § 137-1.3, have required Employer Defendants to pay Plaintiffs overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours a week.

38. As Employer Defendants' employees, Plaintiffs frequently worked in excess of forty hours per week.

39. Employer Defendants have willfully paid Plaintiffs at a rate that is less than one and a half times their regular rates or the minimum wage, the minimum regular rate of pay to which Plaintiffs are entitled.

40. At all relevant times, state law, 12. N.Y.C.R.R. § 137 – 1.7, has required Employer Defendants to pay Plaintiffs an extra hour's pay at the minimum wage for every day in which Plaintiffs were at work including break time for more than 10 hours. This is often referred to as spread-of-hours pay.

41. The Waiter Plaintiffs and Busgirl Plaintiffs regularly were on the job, including break time, more than 10 hours a day.

42. Employer Defendants willfully did not pay Waiter Plaintiffs and Busgirl Plaintiffs an extra hour's pay for every day that they were on the job more than 10 hours.

43. During the time that Plaintiffs have worked at the Nice Restaurant, customers have routinely left gratuities for the Waiter Plaintiffs and Busgirl Plaintiffs for their service.

44. Defendants have willfully and unlawfully retained a portion of the gratuities earned by the Waiter Plaintiffs and Busgirl Plaintiffs while serving the Nice Restaurant customers.

45. Defendants have willfully and unlawfully exercised control over the tip collection and distribution process in violation of federal and state law.

46. Defendants have willfully and unlawfully imposed tip pooling on Waiter Plaintiffs without the Waiter Plaintiffs' consent and Defendants determined shares of tips per tipped employee in violation of federal and state law.

47. During their employment by Employer Defendants, the Plaintiffs have been required to wear uniforms during each shift they worked.

48. Employer Defendants have willfully failed to reimburse Plaintiffs for the expenses Plaintiffs incurred in purchasing and cleaning these required uniforms in violation of New York Labor Law and federal minimum wage provisions, 29 U.S.C. § 206.

## FIRST CAUSE OF ACTION
### Minimum Wages Under the Fair Labor Standards Act
### For All Plaintiffs Against Employer Defendants

49. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

50. At all times relevant to this action, Plaintiffs were employed by Employer Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203

51. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

52. Employer Defendants failed to pay Plaintiffs at the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

53. Due to Employer Defendants' Fair Labor Standards Act violations, Plaintiffs are entitled to recover from Employer Defendants, jointly and severally their unpaid minimum wages plus liquidated damages equal to their back-pay award and reasonable attorneys' fees and costs of the action.

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law
### For All Plaintiffs Against Employer Defendants

54. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

55. At all times relevant to this action, Plaintiffs were employed by Employer Defendants within the meaning of New York Labor Law §§ 2 and 651.

56. Employer Defendants failed to pay Plaintiffs at the applicable minimum hourly wage including spread-of-hours pay in violation of the New York Minimum Wage Act, N.Y. Lab. Law § 652.

57. Due to Employer Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Employer Defendants, jointly and severally their unpaid minimum wages, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest.

### THIRD CAUSE OF ACTION
**Overtime Wages Under the Fair Labor Standards Act**
**For All Plaintiffs Against Employer Defendants**

58. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

59. At all times relevant to this action, Plaintiffs were employed by Employer Defendants within the meaning of the FLSA, specifically 29 U.S.C. § 203.

60. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

61. Employer Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of one and one-half times the regular rate to which plaintiffs were entitled under 29 U.S.C. § 206(a), in violation of 29 U.S.C. § 207(a)(1).

62. Due to Employer Defendants' FLSA violations, Plaintiffs are entitled to recover from Employer Defendants, jointly and severally, their unpaid overtime wages plus liquidated damages equal to their back-pay award and reasonable attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act, specifically 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law
### For All Plaintiffs Against Employer Defendants

63. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

64. At all times relevant to this action, Plaintiffs were employed by Employer Defendants within the meaning of New York Labor Law §§ 2 and 651.

65. Employer Defendants failed to pay Plaintiffs overtime wages for all hours worked in excess of forty per week at a wage rate of one and one-half times the regular rate to which plaintiffs were entitled in violation of 12 N.Y.C.R.R. 137-1.3.

66. Due to Employer Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Employer Defendants, jointly and severally, their unpaid overtime wages, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest.

## FIFTH CAUSE OF ACTION
### Tip Credit Claim Under the Fair Labor Standards Act
### For Waiter Plaintiffs and Busgirl Plaintiffs Against Employer Defendants

67. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

68. At all times relevant to this action, Waiter Plaintiffs and Busgirl Plaintiffs were "tipped employee[s]" within the meaning 29 U.S.C. § 203(t).

69. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce, or were employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

70. Employer Defendants illegally retained a portion of the tip pool in violation of 29 U.S.C. § 203(m).

71. Employer Defendants failed to inform Waiter Plaintiffs and Busgirl Plaintiffs of the provisions of 29 U.S.C. § 203 m.

72. Due to Employer Defendants' Fair Labor Standards Act violations, Waiter Plaintiffs and Busgirl Plaintiffs are entitled to recover from Employer Defendants, jointly and severally, damages in the amount of the full minimum wage and overtime pay in addition to gratuity payments that were retained by Employer Defendants plus liquidated damages equal to their monetary award and reasonable attorneys' fees and costs of the action pursuant to the Fair Labor Standards Act

## SIXTH CAUSE OF ACTION
**Claim For Retained Gratuities Under New York Labor Law**
**For Waiter Plaintiffs and Busgirl Plaintiffs Against All Defendants**

73. Plaintiffs repeat and reallege all the paragraphs above.

74. At all times relevant to this action, Waiter Plaintiffs and Busgirl Plaintiffs were employed by Defendants as food service workers received gratuities from customers for their services.

75. At all times, Defendants controlled the tip collection and distribution process in violation of New York Labor Law § 196-d.

76. Defendants demanded and retained a portion of the gratuities in violation of New York Labor Law § 196-d.

77. Due to Defendants' New York Labor Law violations, Waiter Plaintiffs and Busgirl Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the gratuity payments that were retained by Defendants, liquidated damages equal to one quarter of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest pursuant to New York Labor Law § 198.

### SEVENTH CAUSE OF ACTION
**Claim Gratuities Controlled and Distibuted by Defendants
Under FLSA and New York Labor Law
For Waiter Plaintiffs Against All Defendants**

78. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

79. At all times relevant to this action, Waiter Plaintiffs were employed by Defendants as waiters and received gratuities from customers for their services.

80. At all times, Defendants controlled the tip collection and distribution shares or amounts in violation of New York Labor Law § 196-d and FLSA, 29 U.S.C. § 203m..

81. Due to Defendants' violations, Waiter Plaintiffs are entitled to recover from Defendants, jointly and severally, damages in the amount of the gratuity payments that were given

in unequal amounts to waiter employees and others by Defendants, liquidated damages and reasonable attorneys' fees and costs of the action, including interest pursuant to New York Labor Law § 198 and FLSA 29 U.S.C. § 216(b)..

## EIGHTH CAUSE OF ACTION
### Reimbursement for Required Uniforms Under New York Labor Law
### For All Plaintiffs Against Employer Defendants

82. Plaintiffs repeat and reallege all the allegations in the paragraphs above.

83. Employer Defendants required Plaintiffs to purchase and maintain uniforms but failed to reimburse them for these uniform-related expenses or to compensate them according to the New York Labor Law and the New York Minimum Wage Act and its regulations, specifically New York Labor Law § 21(11) and 12 N.Y.C.R.R. § 137-1.8.

84. Due to Employer Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Employer Defendants, jointly and severally, damages in the amount of the legally required reimbursements for the maintenance of uniforms, the cost of purchasing such uniforms, liquidated damages equal to one quarter of their uniform expenses award, and reasonable attorneys' fees and costs of the action, including interest, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs respectfully prays this Court award:

    a. Plaintiffs unpaid minimum wages including spread-of-hours pay due under the New York Minimum Wage Act, the New York Labor Law and its regulations and the Fair Labor Standards Act against Employer Defendants,.

b.   Plaintiffs unpaid overtime wages due under the New York Labor Law and its regulations and the Fair Labor Standards Act. Against Employer Defendants;

c.   Waiter Plaintiffs and Busgirl Plaintiffs an amount equal to the portion of table service gratuities unlawfully retained by Defendants due under New York Labor Law and the Fair Labor Standards Act.;

d.   Waiter Plaintiffs an amount equal to the portion of table service gratuities unlawfully distributed by Defendants due under New York Labor Law and the Fair Labor Standards Act.

e.   Plaintiffs an amount equal to the reimbursable amount due under the New York Labor Law and its regulations for required uniform purchase and maintenance;

f.   Liquidated damages pursuant to New York Labor Law §§ 198(1-a), 663(1) and §216b of the Fair Labor Standards Act.

g.   Prejudgment interest; and

h.   The costs of this action, together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

Dated:   May 18, 2007

        ___s/_____
        Kenneth Kimerling (KK5762)
        Asian American Legal Defense and Education Fund
        99 Hudson Street
        New York, New York 10013
        212-966-5932

        Attorneys For Plaintiffs