UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| GAN H. ENG, TAN F. LAM, KWOK C. TANG, JUN Q. CHAN, KAM C. HO, XIAO Z. ZHANG, YAT C. CHAN, MING HO, RONG J. CHEN, JIAN Z. LUO, LE Y. CHEN, JIAN B. YAN, SU C. JIANG, XIU H. JIANG, XIU LIN, TAK S. CHENG, SHU C. HUANG, MEI J. HUANG and OY K. KWAN, | 07 CV 3909 (MGC) |
| Plaintiffs, | (*Filed Electronically*) |
| -against- | **LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** |
| THE NICE RESTAURANT, INC., BEN H. TOM, MEE MEE TOM a.k.a. MEE MEE M. TOM a.k.a. MEE MEE MEI, YAN SHING CHAN, CHEUNG YONG, SHING SI SUN, SHEN PING CHU, JOHN TAM, SI KIT WU, SI HUNG WU, CHUI BAI TAM, and JIMMY MOY a.k.a. JIMMY MUI a.k.a. JIMMY MEI, | |
| Defendants. | |

------------------------------------------------------------------------X

PLEASE TAKE NOTICE that, pursuant to Rule 56.1 of the Local Rules of this Court, Defendant William Tam, sued herein as Chui Bai Tam ("Tam"), in support of his Motion For Summary Judgment, submits that there is no genuine dispute as to the following material facts:

1.  Plaintiffs commenced this action on May 18, 2007. (ECF Docket).

2.  Paragraph 26 of Plaintiffs' complaint states in part:

    > [Tam], on information and belief, was an owner and manager of The Nice Restaurant Inc. from the opening of the restaurant until on or about Thanksgiving 2005. On information and belief, until on or about Thanksgiving 2005, he had the power to hire and fire employees at the

    Nice Restaurant, establish their wages, set their work schedules, and maintain their employment records.

(Complaint, ¶26, annexed to the Affidavit of John F. Keating as Exhibit 3).

  3. Defendant Mee Mee Tom became president of the Nice Restaurant, Inc. (hereinafter the "Nice Restaurant") in or about 1996. (Tam Dep. at 35, 44).

  4. Peter Lee was the general manager of the Nice Restaurant from its inception until Defendant Mee Mee Tom became president of the Nice Restaurant. (Tam Dep. at 52).

  5. Defendant William Tam is a certified public accountant and a partner of Tam & Nester, an accounting firm. (Tam Aff., ¶3).

  6. Defendant William Tam has never been a manager of the Nice Restaurant. (Tam Aff., ¶4).

  7. Defendant William Tam has never been an employee of the Nice Restaurant. (Tam Aff., ¶5).

  8. Defendant William Tam has never hired or fired any employee of the Nice Restaurant. (Tam Aff., ¶6).

  9. Defendant William Tam did not hire any of the Plaintiffs. (Tam Aff., ¶7).

  10. Defendant William Tam did not fire any of the Plaintiffs. (Tam Aff., ¶8).

  11. Defendant William Tam never had the power to hire or fire any employee of the Nice Restaurant. (Tam Aff., ¶9).

  12. Defendant William Tam never established, or had the power to establish, the wages, wage rates, or work schedules of any of the employees of the Nice Restaurant. (Tam Aff., ¶10).

13. Defendant William Tam did not establish the wages or work schedules of any of the Plaintiffs. (Tam Aff., ¶11).

14. Defendant William Tam has never maintained any employee files and did not maintain the Plaintiffs' employee files. (Tam Dep. at 60).

15. In or about 1985, Tam & Nester was retained to provide certain accounting services to the Nice Restaurant. (Tam Aff., ¶12).

16. The terms of Tam & Nester's engagement with the Nice Restaurant are set forth in a letter dated December 28, 1985. (Tam Aff., ¶12 and Ex 1).

17. The engagement letter describes the scope of the services provided by Tam & Nester to the Nice Restaurant, and such services are typical of the services provided by Tam & Nester to hundreds of other clients, and by public accountants generally. (Tam Aff., ¶12).

18. Defendant William Tam had no authority to, and did not, sign payroll or other checks on behalf of the Nice Restaurant. (Tam Dep. at 68).

19. Defendant William Tam's involvement in the preparation of the Nice Restaurant's payroll was purely ministerial. He computed the payroll based upon information regarding employee hours and wage rates supplied to him by the Restaurant (Tam Dep. at 72-73, 74) and prepared a withholding statement for each employee based upon the information provided and U. S. Department of Labor guidelines. (Tam Dep. at 85-86, 90-91, 98, 110).

20. The services that William Tam provided to the Restaurant are no different from that provided by ADP or any other payroll processing company. (Tam Dep. at 91).

21.     The payroll checks themselves were prepared and signed by Mee Mee Tom, the president of the Nice Restaurant. (Tam Dep. at 79-80, 85).

22.     Defendant William Tam had no involvement with the day-to-day operation of the Nice Restaurant. (Tam Aff., ¶13).

23.     Defendant William Tam has never supervised any employees of the Nice Restaurant nor did he ever supervise any of the Plaintiffs. (Tam Aff., ¶14).

24.     Defendant William Tam has not been a director or officer of the Nice Restaurant since July 1, 1996, at which time he resigned as director and corporate secretary. (Tam Aff., ¶15).

25.     Following his resignation as corporate secretary, Tam attended board meetings no more than once a year, and then only in his capacity as accountant for the corporation. (Tam Dep. at 54).

26.     Prior to January 26, 1996, Defendant William Tam owned 7 shares of stock of the Nice Restaurant, representing less than ten percent of the shares issued and outstanding. (Tam Aff., ¶16).

27.     Since January 26, 1996, Defendant William Tam has not owned any stock of the Nice Restaurant. (Tam Aff., ¶16).

28.     Since July 1, 1996, Defendant William Tam's sole involvement with the operation of the Nice Restaurant was in his capacity as a certified public accountant. (Tam Aff., ¶17).

29.     Defendant William Tam is not an employer within the meaning of the Fair Labor Standards Act and the New York Labor Law.

Dated:  New York, New York
        March 31, 2008

                                        KEATING & McHUGH

By   /s/  John F. Keating
    Peter J. McHugh (PM9877)
    John F. Keating (JK5354)
    Attorneys for Defendant
       WILLIAM TAM sued herein
       as Chui Bai Tam
    30 Vesey Street, 15th Floor
    New York, NY  10007
    212 608 5657 (v)
    866 408 1843 (f)
    pjm@keatingmchugh.com
    jfk@keatingmchugh.com

TO:  Kenneth Kimerling, Esq.
     Asian American Legal Defense and Education Fund
     99 Hudson Street
     New York, New York 10013

     Wing-Sze Choi, Esq.
     Skadden, Arps, Slate, Meagher & Flom LLP
     Four Times Square
     New York, New York 10036-6522

     Attorneys for Plaintiffs


     Robert Y. Lewis, Esq.
     Freeman Lewis LLP
     228 E. 45th Street
     New York, NY 10017

     Attorneys for Defendant Ben H. Tom