UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GAN H. ENG, TAN F. LAM, KWOK C. TANG, JUN Q.
CHAN, KAM C. HO, XIAO Z. ZHANG, YAT C. CHAN,
MING HO, RONG J. CHEN, JIAN Z. LUO, LE Y. CHEN,
JIAN B. YAN, SU C. JIANG, XIU H. JIANG, XIU LIN,
TAK S. CHENG, SHU C. HUANG, MEI J. HUANG AND
and OY K. KWAN,

         **ECF Case**

      Plaintiffs,
  -against-

         **07 cv 3909(MGC)**

THE NICE RESTAURANT, INC.,
BEN H. TOM, MEE MEE TOM a.k.a. MEE
MEE M. THOM a.k.a. MEE MEE MEI, YAN SHING
CHAN, CHEUNG YONG, SHING SI SUN, SHEN
PING CHU, JOHN TAM, SI KIT WU, SI HUNG WU,
CHUI BAI TAM, and JIMMY MOY a.k.a. JIMMY MUI
a..k.a. JIMMY MEI,
      Defendants.
------------------------------------------------------------------------X

**RULE 56(f) DECLARATION**

Kenneth Kimerling, hereby declares:

1. I am an attorney for plaintiffs and submit this Rule 56(f) FRCP declaration in opposition to the summary judgment motion of defendant William Tam ("Defendant Tam").

2. At issue in this motion is whether Defendant Tam was plaintiffs' "employer." The case law makes it clear that in order to be an employer he had to have traditional employer powers over the employees. Defendant Tam claims that he did not have or exercise those powers, but plaintiffs have asserted that Defendant Tam did have such powers and was one of the bosses of the restaurant.

3. Plaintiffs are not able at this time to directly respond to Defendant Tam's denials. However they and a non-appearing defendant, Shing Si Sun (a.k.a. Sheng Xian

1

Sun) ("Defendant Sun"), have stated that defendant Yan Shing Chan ("Defendant Chan") has direct knowledge of Defendant Tam's role in running the restaurant. Defendant Chan was the general manager of the restaurant.

4. Defendant Sun stated at his deposition that, according to Defendant Chan, Defendant Tam and others would make decisions relating to the management of the restaurant. For example, when asked about who had the power to hire and fire, Defendant Sun responded:

> A. Specifically I believe it would be in hands of the board of directors. I believe the ones who had the power to hire and to fire would be Mee Mee Tom, Yan Shing Chan or maybe Mr. Tam.

Sun Dep. P.46, L.. 3-7 (attached as Exhibit 1).

5. Later he is asked to explain his source of knowledge:

> Q. But to your knowledge Yan Shing Chan would go to the board of directors to have their approval for hiring any new employees?
>
> A. Supposedly, yes, like that. But according to our conversations between me and Mr. Yan Shing Chan, I learned about that.

Sun Dep. P.48, L. 4 – 10.

6. Defendant Sun also asserted that the Board had to approve the increases in the tip shares and promotions that employees were given. Sun Dep. P. 49, l. 2 – 24.

7. It's not disputed that Defendant Tam was formally an officer of the Board until he resigned in July 1996. Tam Dep[1]. P. 49, L. 21 – 25; P. 50, L. 2 – 18. (attached as

---

1. Earlier that year, in January 1996, he also transferred his shares to his wife. Tam Dep. P. 50, L. 4 – 16. The resignation as a Board Officer and the transfer of

Exhibit 2). Nevertheless he continued to attend the Board meetings. Tam Dep. P. 53, L. 14 – 21; P. 54, L. 3 – 11. Defendant Chan can testify to Defendant Tam's role in those meeting that he attended as well.

8. Plaintiff Jian Z. Luo ("Plaintiff Luo") stated in his answers to interrogatories served by Defendant Tam:

> Around May 2007, Defendant Chan informed Plaintiff that before any manager at the Nice Restaurant was hired, such manager first had to be approved by Defendant Tam.
>
> According to Defendant Chan, Tam Ming, the manager of Nice Restaurant, was among the many employees who were hired at Nice Restaurant only after receiving Defendant Tam's approval.

Luo Resp. Interrog 1 (attached as Exhibit 5).

9. Similarly Defendant Chan told Plaintiff Luo that Defendant Tam had a role in setting the employees' schedules:

> Around March 2005, Defendant Chan informed Plaintiff that Defendant Tam had expressed that Nice Restaurant should decrease the

shares coincided with an investigation and determination of the U.S. Department of Labor that the restaurant owed its workers overtime pay. Tam Dep. P. 74, L.21 – P.79, L.10 and Exhibit 4 from the Tam Deposition attached hereto as Exhibit 3. The investigation began with a letter to Defendant Tam in October 1995 and ended sometime in May 1996. Id. at Exhibit 3. Defendant's Tam's wife did not participate in the Board's business (Tam Dep. P. 34, L. 2 – 3 and Tam himself signed for her when her shares were transferred in 2005. Attached as Exhibit 4.

3

>   number of hours that its employees worked, in accordance with labor laws, which were being more strictly enforced. Soon thereafter, in April 2005, Plaintiff observed that the work hours that the restaurant management required of him decreased.

Id. Luo Resp. Interrog. 4

10. Similarly, Defendant Chan informed Plaintiff Luo that Defendant Tam was involved in setting wages:

   > [I]n March 2005, Defendant Chan told Plaintiff that Defendant Tam had informed him that Nice Restaurant had to increase its employees compensation in accordance with the requirements of the labor laws. Following this conversation, Plaintiff observed that his pay increased.

Id., Luo Resp. Interrog. 5.

11. Other plaintiffs stated similar statements by Defendant Chan in regard to Defendant Tam's role in running the restaurant.

12. Defendant Chan is aware of the lawsuit. In the spring of 2007, Defendant Chan spoke with Plaintiff Luo about Defendant Tam's role in running the restaurant. Plaintiffs have made several efforts to serve Defendant Chan with a subpoena, but at every attempt, he does not appear to be home or answer his door. Plaintiffs seek an additional 45 days to effect service of a subpoena on Defendant Chan in order to respond to defendants' motion.

13. In addition, defendant Ben Tom ("Defendant Ben Tom"), the original founder of the restaurant and a relative of Defendant Tam, has yet to be deposed. Defendants and plaintiffs have exchanged discovery requests and are in the process of

responding to such requests. Plaintiffs will schedule Defendant Ben Tom's deposition after receiving his discovery documents.

14. WHEREFORE plaintiffs respectfully request that defendants' motion for summary judgment be stayed for 45 days to allow the taking of the depositions of Defendant Chan and Defendant Ben Tom.

I HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

Dated: April 15, 2008

s/ _____
Kenneth Kimerling