**EXHIBIT 4**

## ACQUISITION AGREEMENT

**AGREEMENT** made this 8th day of December, 2005, between Melina Tam located at 202 Quinlan Court, Staten Island, NY 11314 (hereinafter referred to as "Seller" and Mee Mee Thom located at 77 Chrystie Street, New York, NY 10002 (hereinafter referred to as "Purchaser").

### WITNESSETH

**WHEREAS** Nice Restaurant, Inc., is a corporation duly organized under the laws of New York, whose principle place of business is located at 35 East Broadway, New York, NY 10002 (hereinafter referred to as the "(Corporation)", and

**WHEREAS** Seller is the owner of seven (7) shares of stock of the Corporation, and the Purchaser is ready, willing and able to buy same, on the terms subject to the obligations herein stated;

**NOW, THEREFORE**, in consideration of the foregoing, of the mutual promises of the parties hereto and of other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

### ARTICLE 1
### SALE AND PURCHASE OF SHARES

Subject to the terms and conditions hereto, Seller transfers to Purchaser and Purchaser acquires from Seller the aforesaid seven (7) shares of stock (hereinafter referred to as the "Shares"); all such shares of said capital stock outstanding are in the name of Seller.

### ARTICLE 2
### PURCHASER PRICE

| | |
|---|---|
| The purchaser price to be paid by the Purchaser is | $ 77,000.00 |
| The terms of payment are as follows: | |
| Upon execution of this agreement | |
| By cash or certified check, receipt of which is hereby acknowledged | $ 77,000.00 |

### ARTICLE 3
### REISSUANCE OF SHARES OF STOCK

Immediately after delivery of the Bill of Sale for the shares from Seller to Purchaser, Seller shall return her certificate of stock for the seven shares to the

OT 0000204

Corporation for Cancellation, and shall cause the Corporation to issue shares of stock of the Corporation to the following individual by the method set forth below:

Seven (7) shares to Purchaser, Mee Mee Thom

## ARTICLE 4
## INDEMNIFICATION

Purchaser is currently in charge of and fully familiar with the corporation financing, and accounting of the corporation. The Purchaser agrees to indemnify and hold harmless the Seller against all corporate debts incurred prior to the date of closing except (1) for taxes, and (2) any liabilities incurred by Seller which were not disclosed to Purchaser. This indemnification shall survive the closing of this stock transfer. Sellers responsibility with respect to taxes incurred prior to the date of Sale shall be based on their percentage of the shares of the Corporation.

The Purchaser agrees to indemnify and hold harmless the Seller against all liabilities incurred subsequent to the date of closing. This indemnification shall survive closing of this stock transfer.

## ARTICLE 5
## REPRESENTATIONS

The Seller warrants that the stocks being transferred are free and clear of any liens or encumbrances and that the Seller has full power to transfer same and that there are no liens, judgments or warrants outstanding against the Corporation.

## ARTICLE 6
## TAX LIABILITES

The Seller agrees to promptly arrange to pay all Sellers tax liabilities incurred as a result of this sale, and will provide copies of tax returns, receipts and other proofs that all payments of such liabilities have been made.

## ARTICLE 7
## ADJUSTMENTS

The parties will make adjustments for rent paid, rent and utility security deposits, insurance premiums, and all presently known unpaid or prepaid corporate obligations.

## ARTICLE 8
## THE CLOSING

The closing will take place on December 8, 2005 at the offices of Gotlin & Jaffe located at 100 Lafayette Street, New York, NY 10013.

OT 0000205

## ADDITIONAL REPRESENTATIONS AND WARRANTIES

Seller represents and warrants to Purchaser as follows, said representations and warranties to survive delivery of the shares:

(a) The Corporation is and will be on the closing a corporation duly authorized, validly existing, and in good standing under the laws of the State of New York; the Corporation is not licensed or qualified as a foreign corporation in any state.

(b) The Corporation has no subsidiary.

(c) The Corporation's entire authorized capital stock consists of 200 shares of common stock. All issued shares have been validly issued and are fully paid and nonassessable.

(d) Seller shall, at the closing, execute stock powers, if necessary assigning her respective stock certificates to the Purchaser.

## ARTICLE 10
## INTERPRETATION OF AGREEMENT

This Agreement has been executed in the State of New York and shall be interpreted and construed in accordance with the laws of the State of New York.

IN WITNESS WHEREOF the parties here to have duly executed this Agreement on the 9th day of December, 2005

*In the Presence of:*

OT 0000206

## BILL OF SALE

**KNOW ALL MEN BY THESE PRESENTS** that Melina Tam located at 202 Quinlan Avenue, Staten Island, NY 10314 (hereinafter referred to as SELLER) for $77,000 paid by Mee Mee Thom located at 77 Chrystie Street, New York, NY 10002 (hereinafter referred to as Purchaser) receipt of which is hereby acknowledged, conveys and by these presents does bargain, sell, grant and convey unto Purchaser's successors and assigns, her shares of stock and all goods and chattels located at the Nice Restaurant, Inc., located at 35 East Broadway, New York, NY 10002.

*TO HAVE AND TO HOLD* the same unto Purchaser and Purchaser's successor and assigns forever.

Seller represents that the chattels transferred herein are free and clear of all liens, judgments and attachments.

*IN WITNESS THEREOF*, Seller has signed and sealed these presents this _____ day of December, 2005.

_____
William Tam attorney-in-fact

OT 0000207