**EXHIBIT 5**

Kenneth Kimerling (KK5762)
Asian American Legal Defense
  and Education Fund
99 Hudson Street
New York, NY 10013
(212) 966-5932

Wing-Sze Choi (WC 8888)
4 Times Square
New York, NY 10036
(212) 735-3000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GAN H. ENG, TAN F. LAM, KWOK C. TANG, JUN Q. CHAN, KAM C. HO, XIAO Z. ZHANG, YAT C. CHAN, MING HO, RONG J. CHEN, JIAN Z. LUO, LE Y. CHEN, JIAN B. YAN, SU C. JIANG, XIU H. JIANG, XIU LIN, TAK S. CHENG, SHU C. HUANG, MEI J. HUANG and OY K. KWAN,<br><br>     Plaintiffs,<br><br>    -against-<br><br>THE NICE RESTAURANT, INC., BEN H. TOM, MEE MEE TOM a.k.a. MEE MEE M. TOM a.k.a. MEE MEE MEI, YAN SHING CHAN, CHEUNG YONG, SHING SI SUN, SHEN PING CHU, JOHN TAM, SI KIT WU, SI HUNG WU, CHUI BAI TAM, and JIMMY MOY a.k.a. JIMMY MUI a.k.a. JIMMY MEI,<br>     Defendants. | 07 CV 3909 (MGC) |

**PLAINTIFF JIAN Z. LUO'S RESPONSE TO DEFENDANT CHIU BAI TAM'S
FIRST SET OF INTERROGATORIES AND REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Pursuant to Federal Rules of Civil Procedure 33 and 34, plaintiff Jian Z. Luo ("Plaintiff"), by and through his undersigned attorneys, hereby responds to defendant William Tam's, sued herein as Chui Bai Tam (hereinafter "Defendant Tam"), first set of interrogatories (the "Interrogatories") and request for production of documents (the "Document Requests" together, the "Requests") to Plaintiff, Gan H. Eng, Tan F. Lam, Kwok C. Tang, Jun Q. Chan, Kam C. Ho, Xiao Z. Zhang, Yat C. Chan, Ming Ho, Rong J. Chen, Le Y. Chen, Jian B. Yan, Su C. Jiang, Xiu H. Jiang, Xiu Lin, Tak S. Cheng, Shu C. Huang, Mei J. Huang and Oy K. Kwan (collectively referred to herein as the "Plaintiffs") as follows:

**GENERAL OBJECTIONS**

1.      Plaintiff objects to the Requests to the extent that they purport to impose obligations on Plaintiff beyond the requirements of the Federal Rules of Civil Procedure and this Court's rules.

2.      Plaintiff objects to the Requests on the ground that they seek documents and/or information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other privilege or ground of non-production.

3.      Plaintiff objects to the Requests on the ground that they seek information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Plaintiff objects to the Requests to the extent that they are so vague, overbroad, ambiguous, uncertain and that Plaintiff cannot determine the precise nature of

the information sought and, therefore, cannot answer without an unreasonable risk of inadvertently providing a misleading, confusing, inaccurate, or incomplete response.

5.    Plaintiff objects to each Request to the extent the documents or information sought is more readily available from other parties, including Defendant Tam, The Nice Restaurant, Inc., Ben H. Tom, Mee Mee Tom a.k.a. Mee Mee M. Tom a.k.a. Mee Mee Mei, Yan Shing Chan, Cheung Yong, Shing Si Sun, Shen Ping Chu, John Tam, Si Kit Wu, Si Hung Wu, and Jimmy Moy a.k.a. Jimmy Mui a.k.a. Jimmy Mei (collectively referred to herein as the "Nice Restaurant Defendants").  As directed to Plaintiff, such Requests are unduly burdensome.

6.    Plaintiff expressly reserves all objections as to the relevance, authenticity, or admissibility of any documents or responses.

7.    Plaintiff objects to the Requests on the grounds that specific Requests are duplicative.

8.    Plaintiff's response to any Request shall not be deemed an admission or acknowledgment that such request calls for information that is relevant to the subject matter of this action and is without prejudice to Plaintiff's right to contend at trial or any stage of the proceeding that the requested documents are inadmissible, irrelevant, immaterial or otherwise objectionable.

9.    Plaintiff's response that he will produce the documents sought by a particular request does not constitute an admission that he actually possesses the documents requested or that any such documents exist.

10.    The responses to the interrogatories are based upon the present recollection, knowledge, and belief of the Plaintiff.  Plaintiff reserves the right to supple-

3

ment or amend these responses if further information becomes available in the course of his diligent inquiry, through discovery, or otherwise. These responses should not be construed as, and do not constitute, a waiver of Plaintiff's right to prove additional facts at trial.

11. Plaintiff reserves the right at any time to revise, correct, add to, supplement or clarify any of the objections contained herein.

12. Subject to and without waiving the objections herein, Plaintiff will respond to certain interrogatories and produce certain documents in response to the Requests. Plaintiff reserves the right to supplement his responses or his production if any additional information is unearthed or any documents are later located and reviewed. Plaintiff's response to an interrogatory or production of any documents responsive to a particular request does not waive any objections which Plaintiff may have with respect to such Requests.

## SPECIFIC OBJECTIONS TO INTERROGATORIES

INTERROGATORY NO. 1:

Identify each and every person with any personal knowledge that Defendant Tam hired, interviewed or recommended any person for employment at the Nice Restaurant as alleged in paragraph 26 of the Complaint.

RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory on the grounds that (i) it seeks to impose obligations that are beyond the requirements of the Federal Rules of Civil Procedure and applicable law, (ii) it is overbroad, unduly burdensome and harassing, (iii) it seeks information that is not within the Plaintiff's custody or control and (iv) it seeks information that is more readily available from other parties, including the Nice Restaurant De-

fendants themselves, specifically including Defendant Tam. Subject to and without waiving the foregoing, Plaintiff states that discovery in this matter is in its initial stages and that the information requested in this Interrogatory is contained in documents which are in the exclusive custody and control of the Nice Restaurant Defendants, specifically including Defendant Tam, and/or third parties. Plaintiff will supplement this response if and when adequate and relevant documents are provided to Plaintiff and to the extent required by the Federal Rules of Civil Procedure and any scheduling orders that may be entered in this action.

Subject to and without waiving the foregoing, Plaintiff states that defendants, including Defendant Yan Shing Chan (hereinafter "Defendant Chan"), had personal knowledge that Defendant Tam had to approve people for employment at the Nice Restaurant. Around May 2007, Defendant Chan informed Plaintiff that before any manager at the Nice Restaurant was hired, such manager first had to be approved by Defendant Tam.

According to Defendant Chan, Tam Ming, the manager of Nice Restaurant, was among the many employees who were hired at Nice Restaurant only after receiving Defendant Tam's approval.

INTERROGATORY NO. 2:

Identify each and every person with any personal knowledge that Defendant Tam fired, discharged, or terminated any employee of the Nice Restaurant as alleged in paragraph 26 of the Complaint.

RESPONSE TO INTERROGATORY NO. 2:

Plaintiff objects to this Interrogatory on the grounds that (i) it seeks to impose obligations that are beyond the requirements of the Federal Rules of Civil Procedure

and applicable law, (ii) it is overbroad, unduly burdensome and harassing, (iii) it seeks information that is not within the Plaintiff's custody or control and (iv) it seeks information that is more readily available from other parties, including the Nice Restaurant Defendants themselves, specifically including Defendant Tam.  Subject to and without waiving the foregoing, Plaintiff states that discovery in this matter is in its initial stages and that the information requested in this Interrogatory is contained in documents which are in the exclusive custody and control of the Nice Restaurant Defendants, specifically including Defendant Tam, and/or third parties. Plaintiff will supplement this response if and when adequate and relevant documents are provided to Plaintiff and to the extent required by the Federal Rules of Civil Procedure and any scheduling orders that may be entered in this action.

Subject to and without waiving the foregoing, Plaintiff states that defendants, including Defendant Chan, had personal knowledge that Defendant Tam fired, discharged, or terminated employees of Nice Restaurant.  Around 1997, two waiters Chen Zhong and Plaintiff Gan H. Eng informed Plaintiff that Defendant Tam had observed Chu Shi Ping, another waiter at Nice Restaurant, sleeping at the restaurant during his work hours.  Soon thereafter, Chu, Shi Ping's employment at Nice Restaurant was terminated.

Around March 2005, Defendant Chan informed Plaintiff that Defendant Tam had told him that Nice Restaurant should change its employment policies to comply with labor laws, including increasing worker's salaries and not employing undocumented workers.  Shortly thereafter, two undocumented busgirls known as Ah Ruan and Ah Wei were fired.

<u>INTERROGATORY NO. 3</u>:

6

Identify each and every person with any personal knowledge that Defendant Tam was a "manager" at the Nice Restaurant as alleged in paragraph 26 of the Complaint.

RESPONSE TO INTERROGATORY NO. 3:

Plaintiff objects to this Interrogatory on the grounds that (i) it seeks to impose obligations that are beyond the requirements of the Federal Rules of Civil Procedure and applicable law, (ii) it is overbroad, unduly burdensome and harassing, (iii) it seeks information that is not within the Plaintiff's custody or control and (iv) it seeks information that is more readily available from other parties, including the Nice Restaurant Defendants themselves, specifically including Defendant Tam. Subject to and without waiving the foregoing, Plaintiff states that discovery in this matter is in its initial stages and that the information requested in this Interrogatory is contained in documents which are in the exclusive custody and control of the Nice Restaurant Defendants, specifically including Defendant Tam, and/or third parties. Plaintiff will supplement this response if and when adequate and relevant documents are provided to Plaintiff and to the extent required by the Federal Rules of Civil Procedure and any scheduling orders that may be entered in this action.

Subject to and without waiving the foregoing, Plaintiff states that defendants, including Defendant Chan, had personal knowledge that Defendant Tam was a manager at Nice Restaurant. Plaintiff observed that all of the dining room managers at Nice Restaurant would follow orders given to them by Defendant Tam. Additionally, Plaintiff saw that Defendant Tam would attend meetings of the shareholders and high-level management of Nice Restaurant. In May 2007, following the filing of the Complaint in this litigation, Defendant Chan informed Plaintiff that Defendant Tam was the

7

secretary of Nice Restaurant and was in charge of and responsible for holding the restaurant's seal.

Furthermore, Plaintiff observed that Defendant Tam would regularly eat dim sum and dinner at the restaurant without paying for the bill, and simply sign his name on the bill instead. Defendant Tam would also order take-out from the restaurant without paying for the bill and ask Plaintiff to bring his order to his car, which would be waiting outside the restaurant. No other shareholder of Nice Restaurant was able to order food without paying except for Defendant Tam.

INTERROGATORY NO. 4:

Identify each and every person with any personal knowledge that Defendant Tam "set the work schedule" of employees of the Nice Restaurant as alleged in paragraph 26 of the Complaint.

RESPONSE TO INTERROGATORY NO. 4:

Plaintiff objects to this Interrogatory on the grounds that (i) it seeks to impose obligations that are beyond the requirements of the Federal Rules of Civil Procedure and applicable law, (ii) it is overbroad, unduly burdensome and harassing, (iii) it seeks information that is not within the Plaintiff's custody or control and (iv) it seeks information that is more readily available from other parties, including the Nice Restaurant Defendants themselves, specifically including Defendant Tam. Subject to and without waiving the foregoing, Plaintiff states that discovery in this matter is in its initial stages and that the information requested in this Interrogatory is contained in documents which are in the exclusive custody and control of the Nice Restaurant Defendants, specifically including Defendant Tam, and/or third parties. Plaintiff will supplement this response if and when adequate and relevant documents are provided to Plaintiff and to the extent re-

8

quired by the Federal Rules of Civil Procedure and any scheduling orders that may be entered in this action.

Subject to and without waiving the foregoing, Plaintiff states that defendants, including Defendant Chan, had personal knowledge that Defendant Tam "set the work schedule" of employees of the Nice Restaurant.  Around March 2005, Defendant Chan informed Plaintiff that Defendant Tam had expressed that Nice Restaurant should decrease the number of hours that its employees worked, in accordance with labor laws, which were being more strictly enforced.   Soon thereafter, in April 2005, Plaintiff observed that the work hours that the restaurant management required of him decreased.

INTERROGATORY NO. 5:

Identify each and every person with any personal knowledge that Defendant Tam "established the wages" of employees of the Nice Restaurant as alleged in paragraph 26 of the Complaint.

RESPONSE TO INTERROGATORY NO. 5:

Plaintiff objects to this Interrogatory on the grounds that (i) it seeks to impose obligations that are beyond the requirements of the Federal Rules of Civil Procedure and applicable law, (ii) it is overbroad, unduly burdensome and harassing, (iii) it seeks information that is not within the Plaintiff's custody or control and (iv) it seeks information that is more readily available from other parties, including the Nice Restaurant Defendants themselves, specifically including Defendant Tam.  Subject to and without waiving the foregoing, Plaintiff states that discovery in this matter is in its initial stages and that the information requested in this Interrogatory is contained in documents which are in the exclusive custody and control of the Nice Restaurant Defendants, specifically including Defendant Tam, and/or third parties. Plaintiff will supplement this response if

9

and when adequate and relevant documents are provided to Plaintiff and to the extent required by the Federal Rules of Civil Procedure and any scheduling orders that may be entered in this action.

Subject to and without waiving the foregoing, Plaintiff states that he does not have knowledge of whether Defendant Tam established the wages of all the employees of Nice Restaurant; however, in March 2005, Defendant Chan told Plaintiff that Defendant Tam had informed him that Nice Restaurant had to increase its employees compensation in accordance with the requirements of the labor laws.   Following this conversation, Plaintiff observed that his pay increased.

INTERROGATORY NO. 7:

Identify each and every person with any personal knowledge that Defendant Tam "maintained" any employment record as alleged in paragraph 26 of the Complaint.

RESPONSE TO INTERROGATORY NO. 7:

Plaintiff objects to this Interrogatory on the grounds that (i) it seeks to impose obligations that are beyond the requirements of the Federal Rules of Civil Procedure and applicable law, (ii) it is overbroad, unduly burdensome and harassing, (iii) it seeks information that is not within the Plaintiff's custody or control and (iv) it seeks information that is more readily available from other parties, including the Nice Restaurant Defendants themselves, specifically including Defendant Tam.  Subject to and without waiving the foregoing, Plaintiff states that discovery in this matter is in its initial stages and that the information requested in this Interrogatory is contained in documents which are in the exclusive custody and control of the Nice Restaurant Defendants, specifically including Defendant Tam, and/or third parties. Plaintiff will supplement this response if

10