UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GAN H. ENG, TAN F. LAM, KWOK C. TANG, JUN Q.        07 CV 3909 (MGC)
CHAN, KAM C. HO, XIAO Z. ZHANG, YAT C. CHAN,
MING HO, RONG J. CHEN, JIAN Z. LUO, LE Y. CHEN,
JIAN B. YAN, SU C. JIANG, XIU H. JIANG, XIU LIN,     (*Filed Electronically*)
TAK S. CHENG, SHU C. HUANG, MEI J. HUANG and
OY K. KWAN,

                              Plaintiffs,

                -against-

THE NICE RESTAURANT, INC., BEN H. TOM, MEE
MEE TOM a.k.a. MEE MEE M. TOM a.k.a. MEE MEE
MEI, YAN SHING CHAN, CHEUNG YONG, SHING SI
SUN, SHEN PING CHU, JOHN TAM, SI KIT WU, SI
HUNG WU, CHUI BAI TAM, and JIMMY MOY a.k.a.
JIMMY MUI a.k.a. JIMMY MEI,

                          Defendants.

------------------------------------------------------------------------X

## DEFENDANT WILLIAM TAM'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

KEATING & McHUGH
Attorneys for Defendant William Tam
30 Vesey Street, 15th Floor
New York, NY 10007
(212) 608-6557 (v)
(866) 408-1843 (f)

**INTRODUCTION**

Defendant William Tam, incorrectly sued herein as Chui Bai Tam, submits this reply memorandum of law in support of his motion for summary judgment.    The undisputed facts[1] establish that William Tam is not an "employer" within the meaning of the Fair Labor Standards Act ("FLSA") and the New York Labor Law, and that Plaintiffs' claims for the period pre-dating May 18, 2001 are time-barred.

In their response to the motion, Plaintiffs' acknowledge that only one who exercises "traditional employer powers" (Kimerling Declaration dated April 15, 2008 (hereinafter "Kimerling Dec."), ¶2), that is the power to hire and fire, etc., may be considered an "employer," and that *Plaintiffs are unable to contest the evidence* adduced by Tam that establishes that Tam exercised none of the powers of an "employer." (Kimerling Dec., ¶3).    After nearly a year of discovery, all that Plaintiffs can say is that they need more time for additional discovery.    Their hope that a further fishing expedition might yield some evidence, however, is insufficient to deny William Tam summary judgment under the controlling law in this Circuit.

**POINT I**

**TAM IS NOT PLAINTIFFS' "EMPLOYER" AS A MATTER OF LAW**

Defendant William Tam is entitled to summary judgment.    Predictably, Plaintiffs' one year "fishing expedition" has come to naught.    The undisputed evidence establishes that William Tam has exercised none of the "traditional powers" of an "employer." Plaintiffs cannot and have not disputed the material facts that Tam has:

- never been a manager of the Nice Restaurant;

---

[1]    Plaintiffs have not submitted the statement required by Rule 56 and Local Rule 56.1.    The facts set forth in Defendant Tam's statement of undisputed facts are, therefore, deemed admitted.

- never been an employee of the Nice Restaurant;

- had absolutely nothing to do with the day-to-day management or operation of the Nice Restaurant;

- never hired or fired any employee of the Nice Restaurant;

- *did not hire or fire any of the Plaintiffs*;

- never had the power to hire or fire employees of the Nice Restaurant;

- never established, or had the power to establish, the wages or work schedules of the employees of the Restaurant;

- *did not establish the wages of any of the Plaintiffs*;

- *did not establish the work schedules of any of the Plaintiffs*;

- did not maintain employee files;

- had no authority to, and did not, sign payroll or other checks on behalf of the Restaurant;

- *Did not sign the payroll checks of any of the Plaintiffs*;

- has not owned any stock of the Restaurant since *January 26, 1996*;

- has not been a director or officer of the Restaurant since *July 1, 1996.*

- has attended board meetings no more than once a year following his resignation as corporate secretary and director in 1996, and then only in his capacity as accountant for the corporation.

(Affidavit of William Tam sworn to March 28, 2008, ¶¶ 4-11, 16-17) (hereinafter the "Tam Aff."); Deposition of William Tam (hereinafter "Tam Dep.") at 54, 60, 68, 119, 126).[2]

It is uncontroverted that since Tam's resignation as secretary and director on July 1, 1996, over ten years before Plaintiffs filed their complaint, Tam's sole involvement with the Nice Restaurant has been in his capacity as a certified public accountant with the accounting firm of Tam & Nester. (Tam Affidavit, ¶17).  Tam & Nester was engaged by the Restaurant to prepare the Restaurant's tax returns, for which the firm was paid a retainer.[3]  (Exhibit 4, Tam Dep. at 25-26, 63).  The services that Tam & Nester rendered to the Restaurant were no different than the accounting services that Tam & Nester performed for hundreds of other clients during that period (Tam Aff., ¶12) and no different from the payroll services provided by ADP or any other payroll processing company. (Tam Dep. at 91).

The Plaintiffs have admitted as much.  (Kimerling Dec., at 3).

As a matter of law and under controlling precedent, Tam is, therefore, not an "employer" within the meaning of the FLSA and the Labor Law.  The undisputed facts listed above establish that Tam did not possess "the power to control the workers in question," the *sine qua non* of employer status.  *Herman v RSR Sea Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir.1999) (*quoting Goldberg v. Whitaker House Coop.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961)); *Carter v. Dutchess Community College*, 735 F.2d 8, 12

---

[2]   The referenced pages from the deposition of William Tam are annexed to the Keating Affirmation as Exhibit 4.

[3]   The terms of Tam & Nester's engagement are set forth in a letter dated December 28, 1985. (Exhibit 4, Tam Dep. at 55, and Ex 1 to the Tam Aff.).

(2d Cir. 1984) ("the overarching concern is whether the alleged employer possessed the power to control the workers in question").

Significantly, Tam did not hire or fire any of *the Plaintiffs* (Tam Affidavit, ¶¶7-8), and the Plaintiffs do not allege that he did.  Nor do any of the Plaintiffs assert that Tam established *their* work schedules or wages, and he did not. (Tam Aff., ¶11).  Tellingly, *not one of the Plaintiffs* has submitted an affidavit in opposition to this motion claiming that *any plaintiff* was *hired* by Tam, *fired* by Tam, *disciplined* by Tam, *supervised* by Tam, *paid* by Tam; or had his *wages* or *work schedule* established by Tam.

In short, Tam played no role in the hiring and firing of any of the Plaintiffs or other employees of the Restaurant, or in the setting of any of the Plaintiffs' hours or wages.  Under applicable precedent, Tam is not an "employer" as a matter of law. *See, e.g.*, *Messmer v. Colors in Bloom, Inc.*, 67 Fed. Appx. 719   (3rd Cir. 2003) (affirming dismissal of husband of owner of floral shop given that husband did not own stock, never worked in shop and was not an officer or director); *Chao v. Vidtape, Inc.*, 196 F.Supp.2d 281 (E.D.N.Y. 2002) (father of the President and sole shareholder of the corporate employer was not an "employer" under the FLSA even though employees thought he was "the boss", because he did not hold an integral role in the corporate employer's operations, or in setting work policies, schedules or conditions of employment and was not an owner, shareholder, or officer of the corporate defendant); *Johnson v. A.P. Products, Ltd.*, 934 F.Supp. 625, 629 (S.D.N.Y., 1996) (dismissal of claim against human resources manager where there was no allegation that manager exercised any control over plaintiff); *Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986) (where president of corporation was not responsible for employment contract and was not involved in the

day-to-day operation of the facility, the president "lacked the operational control necessary for the imposition of liability as an "employer"); *Donovan v. Sabine Irr. Co., Inc.*, 531 F.Supp. 923, 929 (W.D. La. 1981), aff'd, 695 F.2d 190 (5th Cir. 1983) (vice president who did not control office was not an employer); *Reed v MycoPharma*, 2000 U.S. Dist. LEXIS 11539 (E.D. Ill. 2000) (part time president was not an employer where he did not directly supervise employees).

Moreover, given that the material facts are undisputed, summary judgment is proper. *See, e.g.*, *Powell v. Carey Intern., Inc.*, 483 F.Supp.2d 1168, 1183-1184 (S.D. Fla., 2007) (where Plaintiffs offered no evidence, *based on personal knowledge*, that officer had the power to hire and fire employees of subsidiary, controlled the drivers' schedules, determined their base rate or fixed gratuity, or had any involvement with employee records, Plaintiffs' conclusory statements could not defeat summary judgment and did not establish that officer had operational control or that there was a triable issue as to whether officer was a statutory employer); *Jankowski v. Castaldi*, 2006 U.S. Dist. LEXIS 4237, *26 (E.D.N.Y. 2006)(granting summary judgment to defendant who did not participate in the business)..

Tam is therefore entitled to summary judgment dismissing this abusive lawsuit against him in its entirety.  It would be unprecedented to hold a professional accountant, who is neither an officer nor involved in the day-to-day management of the business, liable as an employer for wages purportedly unpaid by the business.

## POINT II

### PLAINTIFFS' CLAIMS FOR PRE-MAY 18, 2001 WAGES ARE TIME BARRED

Plaintiffs' response to the motion for summary judgment does not dispute that all of Plaintiffs' claims for pre-May 18, 2001 wages are time barred.

The FLSA sets forth a two-year statute of limitations, unless the alleged employer's violation was willful, in which case the statute of limitations is extended to three years. 29 U.S.C. § 255(a).  The analogous New York statute provides for a six year statute of limitations for recovery. Labor Law §198(3).

Given that Plaintiffs have not disputed that Plaintiff's complaint was filed on May 18, 2007, any claim under the FLSA for unpaid wages for any period pre-dating May 18, 2004, is time barred.  Similarly, any claim under the New York Labor Law for unpaid wages for any period pre-dating May 18, 2001 is time barred.  Tam is, therefore, entitled to summary judgment dismissing the time-barred claims.  *See, e.g.*, *Powell v. Carey Intern., Inc*., 483 F.Supp.2d 1168, 1183-1174-76 (S.D. Fla., 2007) (dismissing time barred claims); *Claeys v. Gandalf, Ltd*., 303 F.Supp.2d 890 (S.D. Ohio, 2004) (same).

The Plaintiffs have submitted nothing in opposition to this prong of the motion for summary judgment.

## POINT III

### PLAINTIFFS' REQUEST FOR ADDITIONAL DISCOVERY SHOULD BE DENIED PURSUANT TO CONTROLLING SECOND CIRCUIT PRECEDENT

The Plaintiffs' failure to conduct discovery during the year that this case has been pending should not serve to delay summary judgment for Defendant William Tam.

This case has been pending since May 18, 2007, just short of *one year*.  Plaintiffs have been on notice of Defendant Tam's intention to move for summary judgment since

July 23, 2007, over eight months ago, when Tam requested a pre-motion conference.  The

Court held the pre-motion conference on September 6, 2007, at which time the Court

granted Tam leave to file the motion after the completion of Tam's deposition.[4]  That

deposition was completed on February 26, 2008.[5]  In short, Plaintiffs have long been on

notice that this motion for summary judgment was coming.  They did nothing.

It was only after the filing of, and in response to, the motion for summary

judgment that Plaintiffs sought the testimony of the two witnesses that they now claim

they need: Defendant Yan Shing Chan and Defendant Ben H. Tom.

Significantly, Defendant Ben Tom filed an answer in this case on August 1, 2007.

If Plaintiffs wished to take his deposition, they could have done so at any time during the

past *nine months*.  But they did not serve any discovery on Ben Tom --- none at all ---

until after the filing of Tam's motion for summary judgment.  And, to this day, no notice

of Ben Tom's deposition has been served.

Likewise, Plaintiffs have been equally ambivalent about obtaining discovery from

Defendant Yan Shing Chan.  Defendant Yan Shing Chan has not appeared in this action,

his deposition has not been noticed, and Plaintiff's have not favored the Court or counsel

with any information regarding any attempts by Plaintiffs to contact Chan or take his

deposition.  Given that Chan has not appeared to date, there is no reason to believe that

he will appear for a deposition, much less within the next 45 days.

---

[4]   There were no other pre-conditions to the making of the motion for summary judgment, although at that time, as now, Plaintiffs sought additional discovery.

[5]   In addition to the deposition of William Tam, Tam & Nester produced extensive documentation to Plaintiffs, over one thousand pages.

In the Second Circuit, a party seeking additional discovery under Rule 56(f)[6] must inform the court by affidavit "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Paddington Partners v. Bouchard*, 34 F.3d 1132 (2nd Cir. 1994) (quoting *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir.1989)).

A district court's denial of more time to conduct discovery pursuant to Rule 56(f) is subject to reversal only for abuse of discretion. *Paddington Partners v. Bouchard*, 34 F.3d 1132, (2nd Cir. 1994); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp*, 769 F.2d 919, 925 (2d Cir.1985).

Plaintiffs' Rule 56(f) declaration does not comport with the *Burlington* test. The declaration makes no reference to efforts that the declarant made to obtain discovery

---

[6]    Rule 56, Fed.R.Civ.P., which governs motions for summary judgment, provides in relevant part that:

> (e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

> (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

from Ben Tom and Chan, and why those efforts were unsuccessful.  Plaintiffs have had

nearly a year to obtain such discovery.  Their request for additional discovery should be

denied for this reason alone.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132,

1139 (2nd Cir. 1994) ("Requests for discovery in the face of motions for summary

judgment put forth by parties who were dilatory in pursuing discovery are disfavored");

*Burlington Coat Factory Warehouse Corp. v. Esprit De Corp*, 769 F.2d 919, 925 (2d

Cir.1985) (approving denial of Rule 56(f) request for additional discovery where party

had been inexcusably dilatory).

        Nor have the Plaintiffs provided any explanation of why such discovery would be

germane to the pending motion for summary judgment.  Plaintiffs' Rule 56(f) declaration

does not even attempt to articulate why Ben Tom's deposition is necessary, particularize

the information sought from Ben Tom, or explain how any such information is expected

to create a triable issue of fact. (Kimerling Dec., ¶13).  Rule 56(f) "does not permit a

plaintiff to engage in a 'fishing expedition.'" *Capital Imaging Assoc. v. Mohawk Valley

Medical Assoc.*, 725 F.Supp. 669, 680 (N.D.N.Y.1989) (citing *Waldron v. Cities Serv.

Co.*, 361 F.2d 671, 673 (2d Cir.1966).

        Moreover, Plaintiffs' contention that Chan's deposition is germane because Chan

(a "nonappearing defendant") purportedly told Sun (another "nonappearing defendant")

that the power to hire and fire, divide tips and make promotions was "in the hands" of the

Board of Directors of the restaurant (Kimerling Dec., ¶¶ 4, 5 and 6) is equally unavailing.

Even if that *hearsay* were admissible (which it is not), it is undisputed that Tam has not

been a member of the Board of Directors since July 1, 1996 (and any claim for the period

prior to then is now long time barred).  Thus, even if the Board of Directors exercised the

power to hire and fire (as Sun speculated), such would not defeat Tam's motion for summary judgment.  If anything, it would support it.[7]

Similarly, the other hearsay regarding what Plaintiff Luo was purportedly "told" by Chan regarding Tam's purported accounting advice to the Restaurant concerning the hour and wage requirements of the Labor Law (Kimerling Dec. at 9 and 10) is inadmissible.  *See, e.g., Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999) (statement as to what plaintiff "was told" was hearsay, would not be admissible if testified to at trial, and is not competent material for a Rule 56 affidavit); *H. Sand & Co. v. Airtemp Corp.*, 934 F.2d 450, 454-55 (2d Cir. 1991) (hearsay assertion that would not be admissible if testified to at trial is not competent material for a Rule 56 affidavit). *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[I]t is appropriate for district courts to decide questions regarding the admissibility of evidence on summary judgment.").

Beyond its inadmissibility, however, an accountant's advice to a client regarding the minimum wage and hour requirements of the Labor Law cannot make that accountant an "employer" of the client's employees.  If that were the case, every accountant --- and

---

[7] In any event, Sheng Xian Sun's testimony is largely inadmissible.  Sun admitted that he did not have personal knowledge regarding the matters to which he testified at his deposition:

> Q.  Did you ever attend any meetings of the board of directors from 2000 on?
>
>  A.  No.
>
> Q.   So you of your own personal knowledge don't know what was discussed at those meetings?
>
>  A.   Yes.  That's the reason why earlier in my deposition I never say that I know specifically what was said.

(Sun Deposition Transcript, at 91) (annexed hereto).

11

lawyer for that matter --- would be an "employer" with respect to the employees of every client to whom he or she provided such labor law advice. Not surprisingly, Plaintiffs have not cited any authority for such an absurd proposition.

Lastly, the hearsay statement that Tam Ming was hired at some unknown point in time only after "receiving Tam's approval" (Kimerling Dec. at 8) should be disregarded because it too is hearsay and not based on the personal knowledge of any declarant as required by Rule 56. Nor is it relevant: *Tam Ming is not a party to this action*. The purported hearsay statement does not prove that William Tam exercised any employer powers with respect to any of *the plaintiffs*.

"Rule 56(f) is not a shield against all summary judgment motions. Litigants seeking relief under the rule must show that the material sought is germane to the defense," not speculative, and a "'bare assertion' that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Sundsvallsbanken v. Fondmetal, Inc.*, 624 F.Supp. 811, 815 (S.D.N.Y.1985) (quoting *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir.1981)). "A court can reject a request for discovery, even if properly and timely made through a Rule 56(f) affidavit, if it deems the request to be based on speculation as to what potentially could be discovered." *Paddington Partners v. Bouchard*, 34 F.3d 1132, (2nd Cir. 1994).

In this case, Plaintiffs' Rule 56(f) declaration satisfies none of the requirements of the *Burlington* test. The request is based purely on speculation. There has been no showing that the requested discovery is germane and admissible, and that Plaintiffs have

pursued such discovery diligently. Defendant William Tam should not be required to undergo a further fishing expedition.

<b><u>CONCLUSION</u></b>

Plaintiffs' claims against William Tam are ripe for summary adjudication. This abusive litigation should be dismissed as to Defendant Tam because the undisputed facts establish that (1) Tam is not an "employer" within the meaning of the FLSA and the Labor Law, and therefore has no liability to Plaintiffs pursuant to the FLSA or the Labor Law for wages allegedly unpaid by the Restaurant; and (2) that Plaintiffs' claim for unpaid wages and damages for the period pre-dating May 18, 2001, is barred by the applicable Statute of Limitations. There is simply no authority (or rationale) for holding a professional accountant, who prepared tax filings for a business in his capacity as an independently retained public accountant, but who is not an officer and who has never been involved in the day-to-day management of the business, personally liable under the FLSA or the Labor Law for unpaid wages allegedly owed to the employees of the business.

Dated: New York, New York
       April 22, 2008

KEATING & McHUGH

By   /s/  John F. Keating
Peter J. McHugh (PM9877)
John F. Keating (JK5354)
Attorneys for Defendant
WILLIAM TAM
sued herein as Chui Bai Tam
30 Vesey Street, 15th Floor
New York, NY  10007
212 608 5657 (v)
866 408 1843 (f)
pjm@keatingmchugh.com
jfk@keatingmchugh.com

13

Page 1

```
1

2    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
3    ------------------------------)
     GAN H. ENG, TAN F. LAM,
4    KWOK C. TANG, JUN Q. CHAN,
     KAM C. HO, XIAO Z. ZHANG,
5    YAT C. CHAN, MING HO, RONG J.
     CHEN, JIAN Z. LUO, LE Y. CHEN,
6    JIAN B. YAN, SU C. JIANG,
     XIU H. JIANG, XIU LIN, TAK S.
7    CHENG, SHU C. HUANG, MEI J.
     HUANG and OY K. KWAN,
8
                    Plaintiffs,
9
             vs.                        07 Civ 3909
10
     THE NICE RESTAURANT, INC.,
11   BEN H. TOM, MEE MEE TOM a.k.a.
     MEE MEE M. THOM a.k.a MEE MEE
12   MEI, YAN SHING CHAN, CHEUNG
     YONG, SHING SI SUN, SHEN PING
13   CHU, JOHN TAM, SI KIT WU,
     SI HUNG WU, CHUI BAI TAM, and
14   JIMMY MOY a.k.a JIMMY MUI
     a.k.a JIMMY MEI,
15
                    Defendants.
16   ------------------------------)
17
18          DEPOSITION OF SHENG XIAN SUN
19             New York, New York
20            Tuesday, March 4, 2008
21
22
23
24   Reported by:
     Linda Salzman
25   JOB NO. 15168
```

Page 2

1

2

3                    March 4, 2008

4                    10:45 a.m.

5

6        Deposition of SHENG XIAN SUN, the

7    witness herein, held at the offices of

8    Skadden, Arps, Slate, Meagher & Flom,

9    LLP, Four Times Square, New York, New

10   York, pursuant to Subpoena, before Linda

11   Salzman, a Notary Public of the State of

12   New York.

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 91

1                    S. Sun

2    based on the stock certificate that I

3    received, and I noticed his name on the

4    certificate as secretary.  Of course I have

5    no idea there would be changes in the later

6    on time.

7         Q.   Did you ever attend any meetings of

8    the board of directors from 2000 on?

9         A.   No.

10        Q.   So you, of your own personal

11   knowledge, don't know what was discussed at

12   those meetings?

13        A.   Yes.  That's the reason why earlier

14   in my deposition I never say that I know

15   specifically what was said.

16             MR. McHUGH:  I have no further

17        questions.

18             MR. LEWIS:  I have no questions.

19             (Continued on next page to include

20        signature and jurat.)

21

22

23

24

25

Page 92

1                    S. Sun

2           MS. CHOI:  I have no questions.

3           (Time Noted:  2:53 p.m.)

4

5                   _____

6                    SHENG XIAN SUN

7

8   Subscribed and sworn to before me

9   this ___ day of _____, 2008.

10

11  _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25