UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAN H. ENG, TAN F. LAM, KWOK C. TANG, JUN Q. CHAN, KAM C. HO, XIAO Z. ZHANG, YAT C. CHAN, MING HO, RONG J. CHEN, JIAN Z. LUO, LE Y. CHEN, JIAN B. YAN, SU C. JIANG, XIU H. JIANG, XIU LIN, TAK S. CHENG, SHU C. HUANG, MEI J. HUANG, and OY K. KWAN,<br><br>　　　　　　　Plaintiffs,<br><br>　　　　– against –<br><br>THE NICE RESTAURANT, INC., BEN H. TOM, MEE MEE TOM a.k.a. MEE MEE M. THOM a.k.a. MEE MEE MEI, YAN SHING CHAN, CHEUNG YONG, SHING SI SUN, SHEN PING CHU, JOHN TAM, SI KIT WU, SI HUNG WU, CHUI BAI TAM, and JIMMY MOY a.k.a. JIMMY MUI a.k.a. JIMMY MEI,<br><br>　　　　　　　Defendants. | ECF Case<br><br>1:07-CV-03909 (MGC) |

**DECLARATION OF MING HO IN SUPPORT OF PLAINTIFFS' MOTIONS FOR (1) AN EXTENSION OF TIME FOR SERVICE OF SUMMONS AND COMPLAINT; AND (2) SERVICE BY PUBLICATION**

　　　　　　　　　　　　　　　　　　　　Kenneth Kimerling
　　　　　　　　　　　　　　　　　　　　ASIAN AMERICAN LEGAL DEFENSE
　　　　　　　　　　　　　　　　　　　　　　AND EDUCATION FUND
　　　　　　　　　　　　　　　　　　　　99 Hudson Street
　　　　　　　　　　　　　　　　　　　　New York, New York 10013
　　　　　　　　　　　　　　　　　　　　(212) 966-5932

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

## **DECLARATION OF MING HO**

I, Ming Ho, declare under penalty of perjury the following:

1. I am a plaintiff in the above-captioned matter and submit this declaration in support of plaintiffs' Gan H. Eng, Tan F. Lam, Kwok C. Tang, Jun Q. Chan, Kam C. Ho, Xiao Z. Zhang, Yat C. Chan, Ming Ho, Rong J. Chen, Jian Z. Luo, Le Y. Chen, Jian B. Yan, Su C. Jiang, Xiu H. Jiang, Xiu Lin, Tak S. Cheng, Shu C. Huang, Mei J. Huang, and Oy K. Kwan ("Plaintiffs") motions (1) to enlarge the time for service of summons and complaint, and (2) service by publication.

2. At all relevant times, I was an employee at The Nice Restaurant (the "Restaurant"), where defendants Mee Mee Tom and Yan Shing Chan were managers.

### Defendant Mee Mee Tom

3. Prior to the date of the closing of the Restaurant—May 16, 2007—I (along with many of the co-plaintiffs) frequently observed defendant Mee Mee Tom (and her daughter) in close proximity to an apartment located at 77 Chrystie Street, Apartment 4, New York, New York 10002, where, on information and belief, Tom resided. Tom frequently asked Nice Restaurant employees to store the restaurant's documents in the basement of the building at that address.

4. On information and belief, in or around February 2007, Tom transferred ownership of her apartment two children: Stanley and Christine Tom.

5. On information and belief, in or around April 2007, Tom's children sold the apartment for less than half of its value—mere weeks before Tom repudiated her offer to settle with Plaintiffs.

1

6. Prior to May 16, 2007, I (along with many of the co-plaintiffs) never had trouble reaching Tom by telephone at (212) 226-3191.

7. On May 16, 2007, Nice Restaurant closed without any prior notice to Plaintiffs. Since this date, Plaintiffs have been unable to contact Tom.

8. Immediately upon discovering that the Restaurant had closed, I, along with co-plaintiff Jian Z. Luo ("Luo"), attempted to locate Tom, the principal shareholder and on-site manager of Nice Restaurant. We visited Tom's apartment located at 77 Chrystie Street, Apartment 4, New York, New York 10002 twice that day and rang the doorbell several times on each visit. No one ever answered the door. After the first unsuccessful visit, we called Tom's apartment at (212) 226-3191, but nobody answered the phone and there was no answering machine. We returned for a second visit in the afternoon and again rang the doorbell several times. Again, there was no answer. We then resolved to park across the street and camp out with the hope of catching Tom (or her daughter) either returning or leaving her home. We stayed until 11:00 PM that night, but did not see Tom (or her daughter).

9. The next morning, May 17, 2007, we returned to Tom's apartment, but were just as unsuccessful as the day before. We rang the doorbell several times and directed numerous calls to the (212) 226-3191 number, but received no answer.

10. Later that day, I (accompanied by co-plaintiffs Luo, Xiao Z. Zhang, Gan H. Eng) went to Tom's daughter's workplace—P.S. 130 Hernando Desoto School, located at 143 Baxter Street, New York, New York, 10013. We waited there to look for her until all the other students and teachers were gone, but she was nowhere to be found. We later learned from the school's principal that Tom's daughter no longer worked at the school.

11. The next day, on May 18, 2007, Plaintiffs filed their Complaint in this Court.

12. For the next few weeks, I returned to Tom's apartment twice a day to find Tom. Each time, I would ring the door bell and wait for an answer. No one ever did.

13. On or about May 20, 2007, as my fellow co-plaintiffs and I picketed outside what was formerly Nice Restaurant, some customers who knew Tom well informed us that she had fled to Hong Kong.

14. From May 20, 2007 to May 30, 2007, I again directed several calls to the (212) 226-3191 number and rang the doorbell several times at the apartment, but received no answer.

15. In or around late-July or early-August 2007, a former busboy at Nice Restaurant, plaintiff Tak S. Cheng ("Cheng"), and his wife observed Tom at a casino in Atlantic City. At the time, I was in Chinatown and Cheng was not able to get a hold of me to tell me about Tom.

16. On or about October 2007, my wife and I went back to Hong Kong to visit our relatives. At or around 6:00 PM (local time) on October 6, 2007, we observed Tom on Shanghai Road. When she saw us, she immediately ran away rapidly across the street and disappeared into the crowd. I searched the area for a long time, but was not able to find her.

17. To date, I have continued to look for Tom, but remain unsuccessful. I have asked several florist shops that had business relationships with the Restaurant whether they have seen or heard from Tom. They said they did not, and they also told me

they did not get their deposits back for the parties they had booked at the Restaurant before the closing.

### Defendant Yan Shing Chan

18. On or about September 6, 2007, I (accompanied by my friends Jerry Weng and Guo Zhong Wu) went to 20 Confucius Plaza, Apartment #27D, New York, New York 10013, where, on information and belief, defendant Yan Shing Chan resided. We rang the doorbell and his wife opened the door. As soon as she saw us, she immediately attempted to close the door, but the door remained somewhat ajar. Weng, who was holding the documents to be served, then asked Chan's wife (through the gap in the door) whether her husband was home. She answered in the negative and then closed the door shut. We rang the doorbell again in hopes to ask her further questions, but she did not answer.

19. On September 14, 2007, after confirming that Chan actually resided at the apartment, we returned in an effort to personally serve Chan. We rang the doorbell several times but there was no answer. We then posted a copy of the Complaint on the front of his apartment door. We mistakenly believed that this was a proper method of service. Wing Lam from Chinese Staff and Workers Association ("CSWA")—who is not an attorney—advised us that this method of service was acceptable. We subsequently informed our attorneys that we had served Chan, but we did not describe exactly how we had done so.

20. It was not until January 2008 that I learned that our service on Chan was defective.

21. On or about April 17, 2008, Weng and I again went to 20 Confucius Plaza, Apartment #27D, New York, New York 10013 to look for Chan. We rang the doorbell, but nobody opened the door.

22. We also discovered two other properties that were owned by Chan and his wife. I went to both properties on April 18, 2008 with the hope of locating him, so he could be served.

23. The first property was located at 8509 97th Avenue, Ozone Park, New York 11416. When I visited, I observed a wooden sign out front that read "21st Century Real Estate." I rang the doorbell several times, but there was no answer. I even went through the trash can on the street in hopes of finding some remnant that evinced that Chan presently lived there, but did not find anything.

24. The second property was located at 9111 Foster Avenue, Brooklyn, New York 11236. When I visited, an African-American male answered the door. The man said that he purchased the property over a year ago, but refused to say from whom.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Dated: New York, New York

August 11, 2008

By: _____
Ming Ho, Plaintiff

TRANSLATOR'S CERTIFICATE

I, Wing Lam, hereby swear under penalty of perjury that I am fluent in both Chinese and English and that I have accurately translated plaintiff Ming Ho's recitation of the facts from Chinese to English for the purposes of this Declaration.

Dated: New York, New York

August 11, 2008

By: _____
Wing Lam
CHINESE STAFF AND
  WORKERS' ASSOCIATION
55 Chrystie St., Rm. 201
New York, NY 10002
(212) 334-2333