UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GAN H. ENG, TAN F. LAM, KWOK C. TANG, JUN Q. CHAN, KAM C. HO, XIAO Z. ZHANG, YAT C. CHAN, MING HO, RONG J. CHEN, JIAN Z. LUO, LE Y. CHEN, JIAN B. YAN, SU C. JIANG, XIU H. JIANG, XIU LIN, TAK S. CHENG, SHU C. HUANG, MEI J. HUANG, and OY K. KWAN, <br><br> Plaintiffs, <br><br> – against – <br><br> THE NICE RESTAURANT, INC., BEN H. TOM, MEE MEE TOM a.k.a. MEE MEE M. THOM a.k.a. MEE MEE MEI, YAN SHING CHAN, CHEUNG YONG, SHING SI SUN, SHEN PING CHU, JOHN TAM, SI KIT WU, SI HUNG WU, CHUI BAI TAM, and JIMMY MOY a.k.a. JIMMY MUI a.k.a. JIMMY MEI, <br><br> Defendants. | ECF Case <br><br> 1:07-CV-03909 (MGC) |

**DECLARATION OF XIAO Z. ZHANG IN SUPPORT OF PLAINTIFFS'
MOTIONS FOR (1) AN EXTENSION OF TIME FOR SERVICE OF SUMMONS
AND <u>COMPLAINT; AND (2) SERVICE BY PUBLICATION</u>**

Kenneth Kimerling
ASIAN AMERICAN LEGAL DEFENSE
   AND EDUCATION FUND
99 Hudson Street
New York, New York 10013
(212) 966-5932

Attorneys for Plaintiffs

**DECLARATION OF XIAO Z. ZHANG**

I, Xiao Z. Zhang, declare under penalty of perjury the following:

1.      I am a plaintiff in the above-captioned matter and submit this declaration in support of plaintiffs' Gan H. Eng, Tan F. Lam, Kwok C. Tang, Jun Q. Chan, Kam C. Ho, Xiao Z. Zhang, Yat C. Chan, Ming Ho, Rong J. Chen, Jian Z. Luo, Le Y. Chen, Jian B. Yan, Su C. Jiang, Xiu H. Jiang, Xiu Lin, Tak S. Cheng, Shu C. Huang, Mei J. Huang, and Oy K. Kwan ("Plaintiffs") motions (1) to enlarge the time for service of summons and complaint, and (2) service by publication.

2.      At all relevant times, I was an employee at The Nice Restaurant (the "Restaurant"), where defendants Mee Mee Tom and Yan Shing Chan were managers.

3.      On the day that the Restaurant closed—May 16, 2008—I called defendant Yan Shing Chan ("Chan") at (917) 715-6000 to tell him that defendant Mee Mee Tom ("Tom") had closed the restaurant and run away. I also told Chan that I, along with the now-former Restaurant employees, would have no choice but to file a lawsuit against the Restaurant and its managers. Chan stated that he realized that he might be named as a defendant in our lawsuit and acknowledged that this was a big problem for him.

4.      In the middle of May 2007, after the Complaint was filed, on a day when my fellow former co-workers and I were picketing outside the closed Restaurant, Chan called me directly by telephone and told me that we should not target our picketing at the Restaurant's landlord, for the landlord might be willing to lease the building to us, which would allow us to reopen the restaurant and work again. Chan said that he would help us find people to invest in the Restaurant, and that he would accompany us when meeting potential investors.

5. By the end of June 2007, we had met with three potential investors, one of whom was willing to invest in the Restaurant, but the landlord refused to lease the space to us. After the landlord's refusal, Chan told us that he could not do anything for us.

6. Plaintiffs began serving many of the named defendants. In an effort to serve Chan, plaintiff Jian Z. Luo ("Luo") called Chan and asked him if he would be willing to pick up the Complaint and Summons (to accept service of process). Chan was non-responsive to that request. Instead, Chan told Luo that he could not afford to pay the damages Plaintiffs sought in the Complaint. Chan also admitted that any attorney that he could hire would not be able to help him win the case. Chan stated that he would rather give Plaintiffs money than to pay an attorney—an expense he could not afford—to fight a losing battle.

7. After plaintiff Ming Ho and some of his friends taped a copy of the Complaint and Summons to the door of Chan's apartment, I tried contacting Chan by telephone—at the same phone number that he had previously called me from—but his phone was out of service.

8. Plaintiffs and I subsequently reached one of Chan's friends (who wished to remain anonymous) through email. We asked him to contact Chan for us. Chan later called Luo and me at least two times. Chan said that he was in the western part of the United States, but that he is occasionally in China and sometimes works in New Jersey.

9. In or around January 2008, I learned that the prior service attempt on Chan—taping a copy of the Complaint and Summons on the door of Chan's apartment—was defective.

10. In or around June 2008, Chan called Luo and me and said that he was very concerned about the present litigation against him. Chan asked us what stage the litigation was in and whether any defendants had answered our Complaint. I attempted to persuade Chan that it would be best for him to stop hiding and to admit to the Restaurant's illegal conduct. Previously, on or about June 2007, Chan offered Plaintiffs to settle the case against him, but the parties were unable to agree on an amount. Further efforts to settle the case have also been unsuccessful.

11. On or around the end of July 2008 (after Plaintiffs mediation with defendant Ben Tom on July 22, 2008), I called Chan and told him to stop running from us because we would eventually find and serve him properly. I again tried unsuccessfully to resolve the case.

I HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: New York, New York

August 11, 2008

By: _____
Xiao Z. Zhang, Plaintiff

### TRANSLATOR'S CERTIFICATE

I, Mabel Tso, hereby swear under penalty of perjury that I am fluent in both Chinese and English and that I have accurately translated plaintiff Xiao Z. Zhang's recitation of the facts from Chinese to English for the purposes of this Declaration.

Dated: New York, New York

August 11, 2008

By: _____
Mabel Tso, Community Organizer
ASIAN AMERICAN LEGAL
 DEFENSE AND EDUCATION
 FUND
99 Hudson Street
New York, New York 10013
(212) 966-5932